KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By **THOMAS C. STERLING**

Attorneys for *Defendant Black Construction Corporation*

**FILED**
DISTRICT COURT OF GUAM

JUN - 2 2005

**MARY L.M. MORAN
CLERK OF COURT**

⑥

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of ROBERT J. STEFFY, SR. as Bankruptcy Trustee for B. W. CHUNG & CO., INC. dba MODERN INTERIOR, and ROBERT J. STEFFY, SR. as Bankruptcy Trustee for B. W. CHUNG & CO., Inc., <br><br> Plaintiffs <br><br> vs. <br><br> AMERICAN HOME ASSURANCE COMPANY and BLACK CONSTRUCTION CORPORATION, <br><br> Defendants. <br><br> BLACK CONSTRUCTION CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> ROBERT J. STEFFY, SR. as Bankruptcy Trustee for B. W. CHUNG & CO., INC., <br><br> Counterclaimant and Counter-Defendant, <br><br> BLACK CONSTRUCTION CORPORATION, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL CASE NO. 05-00015

**ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANTS BLACK CONSTRUCTION CORPORATION AND AMERICAN HOME ASSURANCE COMPANY**



ORIGINAL

**COME NOW** Defendants **BLACK CONSTRUCTION CORPORATION** and **AMERICAN HOME ASSURANCE COMPANY** and in answer to the Amended Complaint herein admit, deny and allege as follows:

1. Defendants admit the allegations contained in paragraphs 1.1, 2.2, 2.3, 2.4, 3.1 and 3.2.

2. Defendants lack sufficient information and belief to formulate a response to the allegations contained in paragraph 2.1 and, basing their denial thereon, deny generally and specifically each and every allegation contained therein.

3. Defendants deny generally and specifically each and every allegation contained in paragraph 3.3.

### FIRST CLAIM FOR RELIEF

4. In response to paragraph 4.1, Defendants reallege and incorporate herein by this reference all of their responses to all prior paragraphs.

5. Defendants admit the allegations contained in paragraph 4.2.

6. Defendants lack sufficient information and belief to formulate a response to the allegations contained in paragraph 4.4 and, basing their denial thereon, deny generally and specifically each and every allegation contained therein.

7. Defendants deny generally and specifically each and every allegation contained in paragraphs 4.3 and 4.5.

### SECOND CLAIM FOR RELIEF

8. In response to paragraph 5.1, Defendants reallege and incorporate herein by this reference their response to all of the allegations contained in Sections I through III of the Amended Complaint.

9. Defendants deny generally and specifically each and every allegation contained in paragraphs 5.2 and 5.3.

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 2 -

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim or claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This action should be stayed so that the claims at issue herein can be determined in arbitration as provided for in the subcontracts.

**WHEREFORE,** Defendants **BLACK CONSTRUCTION CORPORATION** and **AMERICAN HOME ASSURANCE COMPANY** pray judgment as follows:

1. That Plaintiff take nothing by its Amended Complaint;

2. For costs of suit incurred herein; and

3. For such other and further relief as this Court deems just and proper.

**DATED** this _2rd_ day of June, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: _____
**THOMAS C. STERLING**
*Attorneys for Defendants Black Construction Corporation and American Home Assurance Company*

## COUNTERCLAIM OF BLACK CONSTRUCTION CORPORATION

**COMES NOW** Counterclaimant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") and for its claims for relief alleges as follows:

1. This Court has pendent jurisdiction over this Counterclaim.

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÂTÑA, GUAM 96910

- 3 -

2. Counterclaimant Black is, and at all times herein relevant was, a corporation duly licensed and registered to engage in the construction business in Guam.

3. Black is informed and believes and thereon alleges that Counter-Defendant Robert J. Steffy, Sr. is, and at all times herein relevant was, the duly appointed Bankruptcy Trustee for B. W. Chung & Co., Inc. (hereinafter "Chung"), charged by law with the responsibility for administering the Chung Bankruptcy Estate.

4. On or about February 28, 2003, Black entered into two subcontracts with Chung for the provision of labor and materials in connection with Black's Prime Contract No. N62742-01-C-1334, FY02 P-250 Waterfront Utilities Upgrade, PWC Guam, Bid Items Nos. 1 and 2. Pursuant to said subcontracts, Chung obligated itself to provide labor and materials to Black in connection with the performance of the Prime contract.

5. Chung breached the subcontracts and failed to provide the labor and materials as agreed. As a result of said breaches, Black incurred damages consisting of takeover expenses incurred in the completion of the work, payments to workers and suppliers, payments for equipment and labor, extended overhead expenses, and delay damages in the presently estimated amount of $500,000 subject to proof at trial. Black has demanded that Chung reimburse it for said losses incurred as a result of the breach of

//

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 4 -

the subcontracts, but Chung has failed and refused, and continues to fail and refuse to pay the same.

6.    There remains due and payable from Chung to Black for the breaches of contract as alleged hereinabove the presently estimated amount of $500,000 subject to proof.

**WHEREFORE,** Counterclaimant **BLACK CONSTRUCTION CORPORATION** prays judgment against Counter-Defendant **ROBERT J. STEFFY, SR., as Bankruptcy Trustee for Bankruptcy Estate of B. W. CHUNG & CO., INC.** as follows:

1.    For general damages presently estimated to be in the amount of $500,000;

2.    For interest thereon in an amount according to proof;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

**DATED** this _2nd_ day of June, 2005.

> KLEMM, BLAIR, STERLING & JOHNSON
> A PROFESSIONAL CORPORATION
>
>
> BY:_____
> THOMAS C. STERLING
> *Attorneys for Defendant/Counterclaimant Black Construction Corporation and Defendant American Home Assurance Company*

### THIRD-PARTY COMPLAINT OF BLACK CONSTRUCTION CORPORATION

**COMES NOW** Third-Party Plaintiff **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") and for its third-party complaint against

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 5 -

**PACIFIC INDEMNITY INSURANCE COMPANY** ("Pacific Indemnity") alleges as follows:

1. This Court has pendent jurisdiction over this third-party complaint.

2. Third-Party Plaintiff Black is, and at all times herein relevant was, a corporation duly licensed and registered to engage in the construction business in Guam.

3. Third-Party Defendant Pacific Indemnity is, and at all times herein relevant was, a corporate surety duly licensed and registered to engage in the suretyship business in Guam.

4. On or about February 28, 2003, Black entered into two subcontracts with B. W. Chung & Co., Inc. ("Chung") to provide various labor and materials in connection with the performance of Black's Prime Contract No. N62742-01-C-1334, FY02 P-250 Waterfront Utilities Upgrade, PWC Guam, Bid Items Nos. 1 and 2.

5. In connection with these subcontracts, Pacific Indemnity issued its Performance Bond No. BND100516-A-01 in the penal sum of $968,876.00 on March 1, 2003 for Bid Item No. 1 and its Performance Bond No. BND100517-A-01 in the penal sum of $851,800.00 for Bid Item No. 2. Pursuant to these Performance Bonds, Pacific Indemnity, as surety, guaranteed the performance of Chung in connection with said subcontracts and Black was named as the obligee under both Performance Bonds. True and correct copies

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 6 -

of the Performance Bonds are attached hereto as Exhibits "A" and "B" and incorporated herein by this reference.

6. Chung breached both subcontracts by failing to provide the labor and materials as agreed and, as a result of said breaches, Black incurred damages presently estimated to be in the amount of $500,000, subject to proof at trial, for completing the subcontracted work and making payments which should have been made by Chung pursuant to the terms of the subcontracts. Said damages also include extended overhead and delay damage. Pursuant to the terms of its Performance Bonds, Pacific Indemnity is obligated to pay all damages incurred by Black as a result of Chung's breach of the subcontracts.

7. There is presently due and payable from Pacific Indemnity to Black pursuant to the terms of the Performance Bonds, as a result of the breaches by Chung, an amount presently estimated to be $500,000 subject to proof. Pacific Indemnity has failed and refused, and continues to fail and refuse, to pay said sum.

**WHEREFORE,** Third-Party Plaintiff **BLACK CONSTRUCTION CORPORATION** prays judgment against **PACIFIC INDEMNITY INSURANCE COMPANY** as follows:

1. For general damages in the estimated amount of $500,000, subject to proof;

2. For interest thereon in amount according to proof;

3. For cost of suit incurred herein; and

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 7 -

4.  For such other and further relief as the Court may deem just and proper.

DATED this _2nd_ day of June, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY:_____
THOMAS C. STERLING
*Attorneys for Defendant/Counterclaimant/Third-Party Plaintiff Black Construction Corporation and Defendant American Home Assurance Company*

**ATTACHMENTS:**
  **EXHIBIT "A" & "B"**

E49:56:49\05832-50
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\227A-ANSWER RE USA, STEFFY, BW
CHUNG V AMERICAN HOME, BLACK CIV05-00015.DOC

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 8 -

# SUBCONTRACTOR PERFORMANCE BOND

BOND NO. BND100516-A-01

KNOW ALL MEN BY THESE PRESENTS, that B.W. Chung & Co., Inc.

as Principal, hereinafter called Principal, and Pacific Indemnity Insurance Company

as Surety, hereinafter called Surety, are held and firmly bound unto

Black Construction Corporation as Obligee

hereinafter called Obligee, in the amount of Nine Hundred Sixty Eight Thousand Eight Hundred Seventy Six Only DOLLARS

$ 968,876.00 ) for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated February 28, 2003 entered into a subcontract with Obligee for Contract No. N62742-01-C-1334, FY02 P-250 Waterfront Utilities Upgrade, PWC, Guam, "Bid Item #1 Construction of all building structures and underground utilities as shown on Part B drawings. in accordance with drawings and specifications prepared by MK Engineers of 286 Kalihi Street, Honolulu, Hawaii 96819

which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, If Principal shall promptly and faithfully perform said subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's obligations thereunder;

Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or;

Obligee, after reasonable notice to Surety may, or Surety upon demand of Obligee may, arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 herein;

The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the time and in the manner as said sums would have been payable to Principal had there been no default under the subcontract. The term "balance of the subcontract price," as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the subcontract and amendments thereto, less the amounts heretofore properly paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of one year from date on which final payment under the subcontract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or their heirs, executors, administrators or successors of the Obligee.

Signed and sealed this 1st day of March A.D., 19 2003 .

In the presence of:

Pacific Indemnity Insurance Company
Surety

Attorney-in-Fact
Adam T. Baron

B.W. Chung & Co., Inc.
Principal

By

# The Pacific Indemnity Insurance Company
## GENERAL POWER OF ATTORNEY

for Subcontractor Performance and Payment Bond No. BND100516-A 01 issued on behalf of B.W. Chun

**Know all men by these Presents,** that *THE PACIFIC INDEMNITY INSURANCE COMPANY* has Co., Inc. made, constituted and appointed, and by these presents does make, constitute and appoint

**David W. Cassidy, Greg S. Kalbaugh, Michael C. Cassidy and Adam T. Baron, of Agana, Guam**

its true and lawful attorney, for it and in its name, place, and stead to execute on behalf of the said Company, as surety, bonds, undertakings and contracts of suretyship to be given to

**All Obligees**

provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

**Two Million Dollars ($2,000,000)**

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company on the 24th day of February, 2000.

**RESOLVED,** that the Chairman of the board, the Vice Chairman of the Board, the President, an Executive Vice President or a Senior Vice President or a Vice President of the Company, be, and that each or any of them, is, authorized to execute Powers of Attorney qualifying the attorney named in the given Power of Attorney to execute in behalf of the Company, bonds, undertaking and all contracts of suretyship; and that a Assistant Vice President, a Secretary or an Assistant Secretary be, and that each or any of them hereby is, authorized to attest the execution of any such Power of Attorney, and to attach thereto the seal of the Company.

**FURTHER RESOLVED,** that the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed and in the future with respect to any bond, undertaking or contract of suretyship to which it is attached.

**In Witness Whereof,** *THE PACIFIC INDEMNITY INSURANCE COMPANY* has caused its official seal to be hereunto affixed, and these presents to be signed by one of its Executive Vice Presidents and attested by one of its Assistant Vice Presidents the 24th day of February, 2000.

Attest:       *THE PACIFIC INDEMNITY INSURANCE COMPANY*

William West Cassidy, Asst. Vice President      Oliver W. Shilling, Executive Vice President

*TERRITORY OF GUAM )*
*AGANA, GUAM       )*

On this __24th__ day of __February__, 2000, before me personally came Oliver W. Shilling, to me known, who being by me duly sworn, did depose and say that he is an Executive Vice President of *THE PACIFIC INDEMNITY INSURANCE COMPANY*, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

Janet J. Champaco,
Notary Public
My Commission Expires: January 13, 2004

> JANET J. CHAMPACO
> NOTARY PUBLIC
> In and for Guam, U.S.A.
> My Commission Expires: Jan. 13, 2004
> P.O. Box 1636, Hagatna, Guam 96932

I, the undersigned, an Assistant Secretary of *THE PACIFIC INDEMNITY INSURANCE COMPANY*, a Territory of Guam corporation, *DO HEREBY CERTIFY* that the foregoing and attached Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney, is now in force.

Signed and sealed at the city of Agana, in the Territory of Guam. Dated the __1st__ day of __March__, 2003.

Frank St. Gelais, Assistant Secretary

# SUBCONTRACTOR PERFORMANCE BOND

BOND NO. BND100517-A-01

ALL MEN BY THESE PRESENTS, that  B.W. Chung & Co., Inc.

Principal, hereinafter called Principal, and  Pacific Indemnity Insurance Company

as Surety, hereinafter called Surety, are held and firmly bound unto

Black Construction Corporation  as Obligee,

hereinafter called Obligee, in the amount of  Eight Hundred Fifty One Thousand Eight Hundred Only  DOLLARS

851,800.00  ) for the payment whereof Principal and Surety bind themselves, their heirs, executors,

administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated  February 28, 2003  entered into a subcontract with Obligee

Contract No. N62742-01-C-1334, FY02 P-250 Waterfront Utilities Upgrade, PWC, Guam, "Bid Item #2",
Construction of all building structures and underground utilities as shown on  in accordance with drawings and specifications
Part A drawings.

prepared by  MK Engineers of 286 Kalihi Street, Honolulu, Hawaii 96819

which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly and faithfully perform said
subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's
obligations thereunder;

Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or;

Obligee, after reasonable notice to Surety may, or Surety upon demand of Obligee may, arrange for the performance of Principal's
obligation under the subcontract subject to the provisions of paragraph 3 herein;

The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of
the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety
shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If
the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to
complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times
and in the manner as said sums would have been payable to Principal had there been no default under the subcontract. The term
"balance of the subcontract price," as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the
subcontract and amendments thereto, less the amounts heretofore property paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of one year from date on which final payment under the subcontract falls
due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or their heirs
executors, administrators or successors of the Obligee.

Signed and sealed this  1st  day of  March  A.D., 19 2003 .

In the presence of:

Pacific Indemnity Insurance Company

Surety

Attorney-in-Fact
Adam T. Baron

B.W. Chung & Co., Inc.

Principal

By

Case 1:05-cv-00015    Document 6    Filed 06/02/05    Page 11 of 12    EXHIBIT "B"

# The Pacific Indemnity Insurance Company
## GENERAL POWER OF ATTORNEY

Performance and Payment Bond No. BND100517-A-01 issued on behalf of B.W. Chung & Co., Inc.

**Know all men by these Presents,** that *THE PACIFIC INDEMNITY INSURANCE COMPANY* has made, constituted and appointed, and by these presents does make, constitute and appoint

**David W. Cassidy, Greg S. Kalbaugh, Michael C. Cassidy and Adam T. Baron, of Agana, Guam**

its true and lawful attorney, for it and in its name, place, and stead to execute on behalf of the said Company, as surety, bonds, undertakings and contracts of suretyship to be given to

**All Obligees**

provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

**Two Million Dollars ($2,000,000)**

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company on the 24th day of February, 2000.

**RESOLVED,** that the Chairman of the board, the Vice Chairman of the Board, the President, an Executive Vice President or a Senior Vice President or a Vice President of the Company, be, and that each or any of them, is, authorized to execute Powers of Attorney qualifying the attorney named in the given Power of Attorney to execute in behalf of the Company, bonds, undertaking and all contracts of suretyship; and that a Assistant Vice President, a Secretary or an Assistant Secretary be, and that each or any of them hereby is, authorized to attest the execution of any such Power of Attorney, and to attach thereto the seal of the Company.

**FURTHER RESOLVED,** that the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed and in the future with respect to any bond, undertaking or contract of suretyship to which it is attached.

**In Witness Whereof,** *THE PACIFIC INDEMNITY INSURANCE COMPANY* has caused its official seal to be hereunto affixed, and these presents to be signed by one of its Executive Vice Presidents and attested by one of its Assistant Vice Presidents the **24th** day of **February, 2000.**

Attest                        *THE PACIFIC INDEMNITY INSURANCE COMPANY*

William West Cassidy, Asst Vice President          Oliver W. Shilling, Executive Vice President

*TERRITORY OF GUAM )*
*AGANA, GUAM        )*

On this **24th** day of **February**, 2000, before me personally came Oliver W. Shilling, to me known, who being by me duly sworn, did depose and say that he is an Executive Vice President of *THE PACIFIC INDEMNITY INSURANCE COMPANY*, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

Janet J. Champaco,
Notary Public
My Commission Expires: January 13, 2004

> JANET J. CHAMPACO
> NOTARY PUBLIC
> in and for Guam, U.S.A.
> My Commission Expires: Jan. 13, 2004
> P.O. Box 1636, Hagatna, Guam 96932

I, the undersigned, an Assistant Secretary of *THE PACIFIC INDEMNITY INSURANCE COMPANY*, a Territory of Guam corporation, *DO HEREBY CERTIFY* that the foregoing and attached Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney, is now in force.

Signed and sealed at the city of Agana, in the Territory of Guam. Dated the **1st** day of **March**, 20 **03**.

Frank St. Gelais, Assistant Secretary